# *EXHIBIT A*

Received

JUL 1 9 2022

Best Buy Payroll Dept

## IN THE COURT OF COMMON PLEAS OF
## NORTHAMPTON COUNTY, PENNSYLVANIA
## CIVIL DIVISION - LAW

| | |
|---|---|
| LISA HOLLAND and VINCENT HOLLAND, Wife and Husband<br>102 Clovershire Drive<br>Nazareth, PA 18064<br><br>Plaintiff<br><br>vs.<br><br>BEST BUY CO., INC.,<br>7601 Penn Avenue S<br>Richfield, MN 55423<br><br>Defendant | No. C48CV2022- 004461<br><br>IN CIVIL ACTION<br><br>JURY TRIAL DEMANDED<br><br>**RECEIVED**<br>**JUL 2 2 2022**<br>**Legal Department** |



### NOTICE

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint is served by filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE

**LAWYER REFERRAL SERVICE**
155 South Ninth Street
Easton, PA  18042
(610) 258-6333

HOF & REID, LLC
CrownPointe Corporate Center
3101 Emrick Boulevard, Suite 205
Bethlehem, PA  18020
Telephone: (610) 258-6184
Attorneys for Plaintiffs

## AMERICANS WITH DISABILITIES ACT

The Court of Common Pleas of Northampton County is required by law to comply with the Americans with Disabilities Act of 1990.  For information about accessible facilities and reasonable accommodations available to disabled individuals having business before the Court, please contact our office.  All arrangements must be made at least 72 hours prior to any hearing or business before the Court.



IN THE COURT OF COMMON PLEAS OF
NORTHAMPTON COUNTY, PENNSYLVANIA
CIVIL DIVISION - LAW

| | |
|---|---|
| LISA HOLLAND and VINCENT HOLLAND, Wife and Husband<br>102 Clovershire Drive<br>Nazareth, PA 18064<br><br>Plaintiff<br><br>vs.<br><br>BEST BUY CO., INC.,<br>7601 Penn Avenue S<br>Richfield, MN 55423<br><br>Defendant | No. C48CV2022-00446<br><br>IN CIVIL ACTION<br><br>JURY TRIAL DEMANDED |



## COMPLAINT

COMES NOW, Plaintiffs, Lisa Holland and Vincent Holland, Wife and Husband, by and through their attorneys, Hof & Reid, LLC, and file the within Complaint and in support thereof avers the following:

### THE PARTIES

1. The Plaintiffs, Lisa Holland and Vincent Holland, are adult individuals who at all times relevant hereto reside at 102 Clovershire Drive, Nazareth, Northampton County, Pennsylvania, 18064. Hereinafter, the term "Plaintiff" refers to Plaintiff, Lisa Holland, unless otherwise stated.

2. The Defendant, Best Buy Co., Inc., is a Pennsylvania corporation or other legal entity authorized to do business in the Commonwealth of Pennsylvania,

1

whose registered corporate address is 7601 Penn Avenue S, Richfield, Minnesota, 55423.

3. The Defendant, Best Buy Co., Inc., has a store located in Easton, Pennsylvania, and regularly conducts business in Northampton County, Pennsylvania.

4. At all times relevant hereto, Defendant acted through its agents, servants, workmen, employees and/or representative, with said individuals acting within the course and scope of their employment and/or agency.

5. At all times relevant hereto, Defendant solely owned, operated, managed, controlled and/or had dominion over the premises of and the property located at Shoppes At Stroud, 300 Shoppes Stroud, Stroudsburg, Monroe County Pennsylvania, 18360.

## JURISDICTION

6. The amount in controversy exceeds the amount established by and for the Court of Common Pleas of Northampton County requiring compulsory arbitration in that the amount in controversy exceeds Fifty Thousand ($50,000.00) Dollars.

## FACTUAL BACKGROUND

7. On or about the date of August 7, 2020, Plaintiff proceeded to the Defendant's store premises located at Shoppes At Stroud, 300 Shoppes Stroud, Stroudsburg, Pennsylvania (hereinafter referred to as "Stroudsburg Best Buy Store"), for the purposes of seeking assistance at the Geek Squad counter.



2

8. Plaintiff was a business invitee and was owed the highest duty of care by Defendant.

9. At the time, Defendant placed a large plexiglass partition on a folding portable table with only a small wedge as its support.

10. As Plaintiff was waiting for assistance at the Geek Squad counter, an employee of Defendant bumped the table and the plexiglass partition tipped over, striking the Plaintiff directly in the head.

11. The divider was then removed by an employee of the Defendant.

12. As a result of being struck by the plexiglass partition, Plaintiff suffered serious injuries to her person, including a cervical injury and concussion resulting in post-concussive syndrome for which she continues to seek medical treatment. Plaintiff also suffered injuries to her hip and lower back.

13. Plaintiff believes and therefore avers that Defendant was aware of the aforementioned dangerous condition but neglected to take appropriate action to protect business invitees.



14. Additionally, Plaintiff believes and therefore avers that Defendant failed to take appropriate action to prevent such incidents from occurring on its premises.

### COUNT I – NEGLIGENCE
### LISA HOLLAND v. BEST BUY CO., INC.

15. Plaintiff incorporates by reference all preceding paragraphs set forth in this Complaint as though the same were set forth more fully herein at length.

16. On the aforesaid date at the Stroudsburg Best Buy Store, the Geek Squad counter area of the Defendant posed a hazardous condition to Plaintiff and those similarly situated.

17. It was the duty of Defendant to protect Plaintiff from conditions upon its premises that it knew or should have known involved a hazardous condition and unreasonable risk of harm to Plaintiff and other similarly situated.

18. It was the duty of Defendant to protect Plaintiff from conditions upon its premises that it knew or should have known, Plaintiff, or others similarly situated, would not discover or realize the danger then and there existing.

19. It was the duty of Defendant to, on a regular basis, inspect, maintain and remove all defects from its property, and to ensure that the property was in a condition reasonably safe and free from defects and conditions rendering the property unsafe for Plaintiff and other similarly situated.

20. The resulting injuries to Plaintiff were caused by the negligence of Defendant who failed to exercise reasonable care in the maintenance of the aforesaid property.

21. Defendant, on the aforesaid date, and at the aforesaid place, by and through its agents, servants, workmen and/or employees, acting within the scope of its authority, were negligent in the following aspects:

    a. In allowing the plexiglass partition to remain in a dangerous and hazardous condition in the expected path of business invitees;

    b. In leaving the plexiglass partition unattended;



    c.     In failing to warn business invitees of the dangerous and hazardous condition existing in the Geek Squad counter area;

    d.     In allowing the Geek Squad counter area to remain available to business invitees despite the presence of a hazardous and dangerous condition;

    e.     In failing to properly secure the plexiglass partition where the Plaintiff was injured;

    f.     In failing to hire employees who would be aware of the hazard created by the above-described condition;

    g.     In failing to train their employees to warn business invitees of the presence of hazardous and/or dangerous condition; and

    h.     In failing to fix and/or secure the plexiglass partition to the table which remained loose and unattached.



22.    As a direct and proximate result of the above-described occurrence and Defendant's negligence and carelessness, separate and apart from the negligence and/or carelessness of any other responsible party, Plaintiff has suffered serious physical injuries to her person, including but not limited to, a concussion.

23.    As a direct and proximate result of the above-described occurrence and Defendant's negligence and carelessness, separate and apart from the negligence and/or carelessness of any other responsible party, Plaintiff has suffered great mental anguish, physical pain and humiliation up to the date of the filing of this Complaint and into the future.

24. As a direct and proximate result of the above-described occurrence and Defendant's negligence and carelessness, separate and apart from the negligence and/or carelessness of any other responsible party, Plaintiff was unable to pursue her occupation for a period of time.

25. As a direct and proximate result of the above-described occurrence and Defendant's negligence and carelessness, separate and apart from the negligence and/or carelessness of any other responsible party, Plaintiff has suffered a loss of earnings and diminution of earning capacity which sums may exceed amounts recoverable by the limitations prescribed by law.

26. As a direct and proximate result of the above-described occurrence and Defendant's negligence and carelessness, separate and apart from the negligence and/or carelessness of any other responsible party, Plaintiff has been unable to pursue and enjoy the usual activities of life of an individual of Plaintiff's age and circumstances, and Plaintiff has suffered a loss of enjoyment of life, loss of happiness and loss of pleasure of life up to the date of the filing of this Complaint and will continue to suffer the same throughout the remainder of her life.



27. As a direct and proximate result of the above-described occurrence and Defendant's negligence and carelessness, separate and apart from the negligence and/or carelessness of any other responsible party, Plaintiff has been caused to expend various and diverse sums of money for medical treatment, medication, therapy and rehabilitation.

28.   As a direct and proximate result of the above-described occurrence and Defendant's negligence and carelessness, separate and apart from the negligence and/or carelessness of any other responsible party, Plaintiff will be caused to expend various and diverse sums of money for medical treatment, medication, therapy and rehabilitation into the future.

WHEREFORE, Plaintiff, Lisa Holland, demands judgment in her favor and against Defendant in an amount that exceeds the jurisdictional amount requiring arbitration by local rule, together with interest and costs. Plaintiff further demands a trial by jury of twelve of her peers to determine her cause.

## COUNT II – VICARIOUS LIABILITY
## LISA HOLLAND v. BEST BUY CO., INC.

29.   Plaintiff incorporates by reference all preceding paragraphs set forth in this Complaint as though the same were set forth more fully herein at length.

30.   At all times pertinent to the filing of this Complaint, as a result of not paying attention to his surroundings, Defendant's employee bumped the table causing the plexiglass partition to tip over and hit Plaintiff in the head.

31.   Defendant's employee should have paid more attention to where he was walking and what he was doing so as to not tip over the plexiglass partition.

32.   By virtue of the agency relationship between Defendant and Defendant's employee, Defendant is liable to Plaintiff for the negligence of Defendant's employee as above-averred under and pursuant to the principles of vicarious liability.



7

WHEREFORE, Plaintiff, Lisa Holland, demands judgment in her favor and against Defendant in an amount that exceeds the jurisdictional amount requiring arbitration by local rule, together with interest and costs. Plaintiff further demands a trial by jury of twelve of her peers to determine her cause.

## COUNT III – LOSS OF CONSORTIUM
## VINCENT HOLLAND v. BEST BUY CO., INC.

33. Plaintiff, Vincent Holland, incorporates by reference all preceding paragraphs set forth in this Complaint as though the same were set forth more fully herein at length.

34. The Plaintiffs were married at all pertinent times to the filing of this Complaint and remain so married as of the date of the filing of this Complaint.

35. As a direct and proximate result of the above-described negligence of Defendant, Plaintiff, Vincent Holland, has suffered the loss of affection, assistance, and consortium of his wife that he would have received had she not been injured as a result of the negligence of the Defendant.



WHEREFORE, Plaintiff, Vincent Holland, demands judgment in his favor and against Defendant in an amount that exceeds the jurisdictional amount requiring arbitration by local rule, together with interest and costs. Plaintiff further demands a trial by jury of twelve of his peers to determine his cause.

Respectfully Submitted,

HOF & REID, LLC

Dated: 7/15/22

_____
Isaac A. Hof, Esquire
I.D. No. 314094

_____
J. Randall Keiser, Jr., Esquire
I.D. No. 320748
CrownPointe Corporate Center
3101 Emrick Blvd., Suite 205
Bethlehem, PA  18020
Telephone:  (610) 258-6184
Facsimile:  (610) 258-0390
Attorneys for Plaintiffs



## VERIFICATION

The undersigned having read the attached pleading verifies that the within document is based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit. The language of the pleading is that of counsel and not of signer. Signer verifies that he/she/they has/have read the within document and that it is true and correct to the best of signer's knowledge, information and belief. To the extent that the contents of the pleading are that of counsel, verifier has relied upon counsel in taking this Verification. This Verification is made subject to the penalties of 18 Pa.C.S. 4904 relating to unsworn falsification to authorities.

Date: 7/13/22

_____
Lisa Holland

